Tucker, P.
dissented. He said—I think it is too late now, for this court to grant the supersedeas prayed for. The words of the statute axe explicit, that no writ of error or supersedeas shall be granted to any judgment of a court of law, after the expiration' of five years from the time when such judgment shall have been made final. The judgment of the circuit court refusing a supersedeas was final at the term in 1828, at which it was rendered. And if a supersedeas to that judgment be now awarded, it will be in the teeth of the statute. In Overstreet v. Marshall, it was decided, indeed, that the order allowing the supersedeas, if made within five years, would suffice, though the writ did not issue until after the expiration of five years. And this was *315 consonant with the law; for if the order was made within five years, the writ was granted within five years, since the order itself is the grant of the writ. But here, there is no order: there is only a petition on which there has never been the judgment of the court either for or against it. There is, therefore, no pretext for saying that the statute has been complied with. Whether the applicant may have a remedy by an application to the circuit court for a supersedeas, now that the judgment of the county court has become final by the affirmance of the order dismissing the appeal, is a question to which I have naturally adverted, but on which it would be premature even to intimate an opinion. It is only necessary here to say, that I think this application for a supersedeas should be overruled. A majority of the court, however, being of a different opinion, the supersedeas prayed for must be awarded.
Supersedeas allowed to the order of the circuit court, refusing the supersedeas prayed to the judgment of the circuit court, upon the petition giving a supersedeas bond &c.